## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANTONIO J. BARBOSA; and**<br>**JOAN F. BARBOSA,** | )<br>)<br>) |
| **Petitioners,** | )<br>) **Civil Action No.: 1:12-cv-12236-JCB**<br>) |
| **v.** | )<br>)<br>) |
| **WELLS FARGO BANK, N.A.,**<br>**AS TRUSTEE FOR SOUNDVIEW**<br>**HOME LOAN TRUST,**<br>**SERIES 2007-OPT1,** | )<br>)<br>)<br>)<br>) |
| **Respondent.** | )<br>) |

### MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S
### MOTION TO DISMISS AND REQUEST FOR COSTS

### I.    INTRODUCTION

This action arises out of Antonio J. Barbosa's execution of an Adjustable Rate Note for $531,000 on March 22, 2007 (the "Note"), which was secured by a mortgage (the "Mortgage") on the property at 19 Round Farm Road in Rehoboth, Massachusetts (the "Property"). Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust, Series 2007-OPT1 ("Wells Fargo as Trustee"), the current holder of the Note and Mortgage, commenced foreclosure proceedings as a result of Mr. Barbosa's default on his repayment obligation under the Note.

The Petition of Antonio J. Barbosa and Joan F. Barbosa ("Petitioners") seeking to compel Wells Fargo as Trustee to try title to the Property fails to satisfy two of the critical threshold requirements of the try title statute, G.L. c. 240, § 1, namely, possession of the Property and an adverse claim or the possibility of an adverse claim. First, the Petition does not allege that Petitioners are in possession of the Property. Second, Petitioners' allegation that "[t]here exists the possibility of an adverse claim" by Wells Fargo as Trustee against Petitioners' record title to

the Property is not based on any actionable legal theory. Indeed, Petitioners' allegation is based

solely on their position that the recorded assignment of their Mortgage to Wells Fargo as Trustee

is not valid. However, the assignment is valid, as a matter of law. Further, Petitioners lack

standing to challenge the assignment of their Mortgage and, in any event, have failed to allege

facts sufficient to demonstrate that the assignment is invalid.

Even if Petitioners satisfied the threshold requirements for maintaining a try title claim,

which they do not, there is no reason for Wells Fargo as Trustee to bring try title because there is

no dispute that Petitioners retain equity of redemption until such right is extinguished by a

foreclosure sale or by Petitioners repayment of the underlying debt. Further, because Petitioners

have failed to identify an adverse claim or a possibility of an adverse claim and because Wells

Fargo as Trustee does not dispute that Petitioners retain equity of redemption, Wells Fargo as

Trustee is entitled to recover its costs in responding to the Petition.

For these reasons, as more fully discussed below, the Petition should be dismissed for

failure to state a try title claim, and Wells Fargo as Trustee is entitled to recover its costs in

responding to the Petition.

## II.    RELEVANT BACKGROUND[1]

### A.    The Underlying Property, Note, Mortgage, Default and Foreclosure Proceedings

Petitioners acquired record title to the Property pursuant to a quitclaim deed executed on

July 18, 2006 and recorded with the Bristol County Registry of Deeds on August 2, 2006. See

_____

[1] All of the facts in this section are taken directly from the Petition, exhibits to the Petition and other publicly available information, which the Court may consider on a motion to dismiss. In the event that this Motion to Dismiss is denied, Wells Fargo as Trustee reserves its right to contest the allegations in the Petition.

2

**Ex. 1**, Petition, ¶ 4; **Ex. 2**, Quitclaim Deed.[2]  Petitioners admit that Mr. Barbosa signed the Note in favor of Option One Mortgage Corporation ("Option One") in the original principal amount of $531,000. See **Ex. 1** at ¶ 6; **Ex. 3**, Mortgage, p. 1 (referencing Note). Petitioners further admit that they executed the Mortgage on the Property which secures the debt evidenced by the Note. See **Ex. 1** at ¶ 7; **Ex. 3**. The Mortgage and Note were executed on March 22, 2007. See **Ex. 3** at p. 1.[3]  The Mortgage was recorded with the Bristol County Registry of Deeds on March 26, 2007, Book 16669, Page 301. The Note and Mortgage are collectively referred to as the "Barbosa Mortgage Loan."

In executing the Mortgage, Petitioners accepted and agreed that: (i) "[t]he covenants and agreements of [the Mortgage] shall bind and benefit the successors and assigns of" Option One; (ii) "[t]he Note or a partial interest in the Note (together with [the Mortgage]) can be sold one or more times without prior notice to [Petitioners];" and (iii) "[t]he holder of the Note and [the Mortgage] shall be deemed to be the Lender." **Ex. 3** at p. 4, provisions 12 and 19.[4]

The Mortgage identifies Option One as the "Lender," and provides that the Mortgage secures to Option One and its successors and assigns:

> (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the repayment of all other sums, with interest, advanced under paragraph 7 to protect the security of [the Mortgage];" and (c) the performance of [Petitioners] covenants and agreements under [the Mortgage] and the Note. For these purposes, [Petitioners do]

---

[2]  The Book and Page numbers in paragraph 4 of the Petition are incorrect.

[3]  Review of the Mortgage, which Petitioners attached in Exhibit A to their Petition, reflects that the date alleged in the Petition is clearly wrong.

[4]  In executing the Note, Mr. Barbosa also expressly acknowledged that Option One may transfer the Note and that Option One "or anyone who takes [the] Note by transfer and who is entitled to receive payments under [the] Note is called the 'Note Holder.'"

3

> hereby mortgage, grant and convey to [Option One], with power of
> sale, the [Property].

**Ex. 3** at p. 1 and p. 4, provisions 12 and 19.

In 2009, Mr. Barbosa defaulted on his repayment obligation under the Note.[5]   On June 10, 2010, Sand Canyon Corporation f/k/a Option One assigned Petitioners' Mortgage to Wells Fargo as Trustee. **Ex. 4**, Corporation Assignment of Deed of Trust/Mortgage (the "Assignment of Mortgage"). The Assignment of Mortgage was recorded at the Bristol Registry of Deeds on September 22, 2010, Book 18983, Page 260. Id. See also **Ex. 1** at ¶ 18.

On September 16, 2010, the law firm of Korde & Associates, P.C., commenced a Servicemembers Civil Relief action, Massachusetts Land Court Case No. 10 MISC 439832, on behalf of Wells Fargo as Trustee. **Ex. 1** at ¶ 8; **Ex. 5**, Land Court Docket.[6]   On February 7, 2011, the Land Court issued an Order of Notice, which was recorded with the Bristol Registry of Deeds on February 25, 2011, Book 19331, Page 59. See **Ex. 5**.

On May 20, 2011, Wells Fargo as Trustee filed a written response to an Order to Show Cause why the action should not be dismissed for lack of standing. See **Ex. 1** at ¶ 11; **Ex. 5**; **Ex. 6**, Response. The response was supported by documents and affidavits, including a copy of the applicable Pooling and Servicing Agreement ("PSA"), Mortgage Loan Schedule and Supplemental Prospectus. See **Ex. 6**. As Petitioners have acknowledged, such documents and affidavits demonstrate the following: (1) on April 1, 2007, Financial Asset Securities Corp. ("FASC") as Depositor, Option One as Servicer, and Wells Fargo as Trustee, entered into the PSA, creating the Soundview Home Loan Trust 2007-OPT1; (2) Option One, as the originator of

---

[5]   Mr. Barbosa has not made a monthly payment on his loan in over 3 ½ years (since his May 2009 payment).

[6]   Available at http://www.masscourts.org/;jsessionid=95F8BBB7540FCD1790640DC3A4CEB9B4?x=02Qb6hpGA
W2KtqxRmYX8eSnaRLfw4LbIcX2OZujPq9kNMIUvm7tTKhlxbRgbjtNqk-NWlAAfginseLzoAHaarg

the Barbosa Mortgage Loan and the original holder of the Note and Mortgage, sold the loan to Greenwich Capital Financial Products, Inc. ("Greenwich"), pursuant to a Master Mortgage Loan Purchase and Interim Servicing Agreement between Option One and affiliated entities as Seller(s) and Greenwich as Purchaser; (3) Greenwich then transferred or assigned the Barbosa Mortgage Loan to FASC pursuant to the terms of an Assignment and Recognition Agreement, dated May 15, 2007; (4) FASC deposited the Barbosa Mortgage Loan into the Soundview Home Loan Trust 2007-OPT1 pool; and (5) Wells Fargo Bank, N.A., serves as custodian of the original collateral/loan file for the Barbosa Mortgage Loan, inclusive of the original Note, Allonge to Note and Mortgage, deposited with the trust and holds and safeguards such file for the benefit of Wells Fargo as Trustee. See **Ex. 6** at pp. 3-5; see also **Ex. 1** at ¶¶ 24-30, 32. The documents and affidavits further demonstrate that Option One changed its name to Sand Canyon Corporation on May 29, 2008, that examination of the Bristol Registry of Deeds reveals only one recorded assignment of Petitioners' Mortgage, and that the assignment was executed by Carolyn White in her capacity as designated Assistant Vice President of Sand Canyon Corporation pursuant to a Consent by Directors of Sand Canyon Corporation, dated July 2, 2009. See **Ex. 6** at pp. 2-3.

In the Servicemembers action, Petitioners filed a Motion for Reconsideration under Land Court Rule 9: (i) challenging Wells Fargo as Trustee's standing to bring the action; (ii) arguing that to have standing, Wells Fargo as Trustee must possess an adequate interest in [Petitioners'] Note and Mortgage;" (iii) arguing that the Land Court should determine whether the documents that Wells Fargo as Trustee provided in response to the Order to show cause were sufficient to demonstrate standing; (iv) claiming that Wells Fargo as Trustee's submitted documents raised "serious questions of doubt that [Wells Fargo as Trustee] currently holds the Barbosa Note or

34302005v1 2615

Mortgage; and (v) challenging Wells Fargo as Trustee's "statement that it now holds [Petitioners'] Mortgage by 'assignment.'" See **Ex. 7**, Motion for Reconsideration, pp. 1-4, 6-8.

On June 3, 2011, the Land Court denied Petitioners' motion, holding that: "Based on the record, this court finds standing for purpose of the Servicemembers Act." **Ex. 5**. Thus, at a minimum, the Land Court determined that Wells Fargo as Trustee demonstrated that it had a contractual right to become the holder of Petitioners' Note and Mortgage. See, e.g., HSBC Bank USA, N.A., as Trustee v. Matt, No. 10 MISC 421195, 2010 WL 7746837 (Mass. Land Ct. July 8, 2010). On June 3, 2011, the Land Court also entered Judgment for Entry and Sale. **Ex. 5**.

On October 4, 2012, Petitioners were provided with notice of Wells Fargo as Trustee's intent to foreclose by sale on November 1, 2012. See **Ex 1**, Petition, ¶¶ 16, 17. The foreclosure auction did not go forward on November 1, 2012.

## B.    The Petition

On October 22, 2012, Petitioners initiated this action seeking to compel Wells Fargo as Trustee to try its allegedly adverse claim to title to the Property, pursuant to G.L. c. 240, §§ 1-5, and requesting: (i) that the Court order Wells Fargo as Trustee "and others to show cause why they should not be required to bring an action to try title; and (ii) that if they fail to do so, the Court order that Wells Fargo as Trustee "and others, seeking to claim an interest in the premises, be forever barred from having or enforcing any claim to title in the" Property. **Ex. 1**, pp. 7-8. Petitioners allege that Wells Fargo as Trustee "currently seeks to assert dominion and control over the ownership of a fee to [the Property] based solely upon its claim to the title from a purported 'assignment' of mortgage directly from Sand Canyon f/k/a Option One" to Wells Fargo as Trustee. **Ex. 1** at ¶ 19.

6

Petitioners' try title claim is based on their sole contention that the recorded Assignment of Mortgage from the original mortgagee, Sand Canyon Corporation f/k/a Option One, directly to Wells Fargo as Trustee is "fatally defective," "void" and "a legal impossibility" because there should have been: (1) a written, recorded assignment from Option One to Greenwich based on Option One's sale of the Barbosa Mortgage Loan to Greenwich pursuant to the Mortgage Loan Purchase and Interim Servicing Agreement; (2) then a written, recorded assignment from Greenwich to FASC based on Greenwich's transfer/assignment of the Barbosa Mortgage Loan to FASC pursuant to the May 15, 2007 Assignment and Recognition Agreement; and (3) only then a written, recorded assignment from FASC to Wells Fargo as Trustee when FASC deposited the Barbosa Mortgage Loan into the Soundview Home Loan Trust 2007-OPT1 pool pursuant to the PSA. See **Ex. 1** at ¶¶ 20-21, 24-34, 39-43.

It appears that Petitioners also allege that the recorded Assignment of Mortgage from Sand Canyon Corporation f/k/a Option One to Wells Fargo as Trustee is defective and void (or "legally impossible") because it was not executed until June 10, 2010, despite the Closing Date in the PSA. See **Ex. 1** at ¶¶ 37, 39.

Based on the foregoing, and relying on U.S. Bank Nat'l Assoc. v. Ibanez, 458 Mass. 637 (2011), Petitioners: (a) deny that their Mortgage "was ever legally conveyed to" Wells Fargo as Trustee; (b) contend that Wells Fargo as Trustee "cannot claim any current legal title to" the Property; and (c) allege that "[t]here exists the possibility of an adverse claim *by [Wells Fargo as Trustee], against the Petitioners' title to the premises*, as [Wells Fargo as Trustee] continue[s] to rely on the invalid 2010 recorded assignment to assert non-existent dominion and control over Petitioners' title." **Ex. 1** at ¶¶ 44, 46, 48-50 (emphasis added).

7

34302005v1 2615

Notably, Petitioners do not allege that they are in possession of the Property. See generally **Ex. 1**. Petitioners also do not allege that Mr. Barbosa has repaid his loan. Id.

## III. LEGAL STANDARD

A motion to dismiss should be granted when a petitioner fails to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a plausible entitlement to relief." Foran v. Stryker Sales Corp., No. 10-cv-12187-RGS, 2011 WL 652778, *1 (D. Mass. Feb. 14, 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

A petitioner's obligation to provide the grounds of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555. The court will not credit a petitioner's bald assertions or legal conclusions. See Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 67 (1st Cir. 2004). Nor will it "accept as true any facts that are conclusively contradicted by [petitioners'] concessions otherwise." McKenna v. Wells Fargo Bank, N.A., No. 10-10417-JLT, 2011 WL 1100160 (D. Mass. Mar. 21, 2011) (citations omitted). "Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of anything more than the mere possibility of misconduct." Gorbey ex rel. Maddox v. Am. Journal of Obstetrics & Gynecology, 849 F. Supp. 2d 162, 165 (D. Mass. 2012) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-1950 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.")).

8

In considering a motion to dismiss, the Court looks to the facts alleged in the complaint, or as in this matter, the petition, documents attached as exhibits or incorporated by reference in the petition, and matters of which judicial notice can be taken, such as public records, including documents from prior state court cases. See Gorbey, 849 F. Supp. 2d at 164-165; Rasheed v. Duval, 57 F.3d 1061, 1995 WL 365994, *1 (1st Cir. 1995). As such, a moving respondent may attach and refer to documents in support of its motion, without converting that motion to one for summary judgment filed under Fed. R. Civ. P. 56, if those documents are incorporated by reference in the allegations of the petition and/or are such that the court can take judicial notice. In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15-16 (1st Cir. 2003).

Here, the Petition refers to, and/or attaches as Exhibits, the Quitclaim Deed, Mortgage, Assignment of Mortgage and Response to Show Cause Order attached hereto as Exhibits 2, 3, 4 and 6, respectively. This Court may consider each of the aforementioned documents, as well as the Land Court docket (Ex. 5) and Petitioners' Motion for Reconsideration filed in the Servicemembers action (Ex. 7), without converting this motion to dismiss into a motion for summary judgment because these documents are attached to and/or are incorporated by reference into the Complaint and/or are matters of public record. Gorbey, 849 F. Supp. 2d at 164-165; Rasheed, 1995 WL 365994, at *1; In re Colonial Mortg. Bankers Corp., 324 F.3d at 15-16.

## IV.   ARGUMENT

In this case, Petitioners seek to compel Wells Fargo as Trustee to show cause pursuant to G.L. c. 240, §§ 1-5, as to why it should not be required to bring an action to try title. However, their Petition fails state a try title claim. Thus, the Petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

9

The purpose of the try title statute is to allow a property owner to remain in possession of the property while requiring that adverse claims be either asserted or disavowed rather than lingering indefinitely. Bevilacqua v. Rodriguez, 460 Mass. 762, 769 (2011) (citing Munroe v. Ward, 86 Mass. 150 (1862)). The try title statute provides, in pertinent part:

> If the record title of land is clouded by an adverse claim, or by the possibility thereof, a person in possession of such land claiming an estate of freehold therein ... may file a petition in the land court stating his interest, describing the land, the claims and the possible adverse claimants so far as known to him, and praying that such claimants may be summoned to show cause why they should not bring an action to try such claim."

G.L. c. 240, § 1. Thus, in accordance with the statute, only a person in possession of the property at issue may maintain a try title claim. Bevilacqua, 460 Mass. at 767; see also Proprietors of Indian Wharf v. Central Wharf & Wet Dock Corp., 117 Mass. 504 (1875) (petitioner must have substantially and practically exclusive possession to compel bringing of action to try title). In addition, the unambiguous language of the try title statute provides that, to bring a try title claim, there must be an adverse claim or the possibility of an adverse claim clouding the record title. See Bevilacqua, 460 Mass. at 772 (quoting G.L. c. 261, § 1).

In this case, Petitioners fail allege facts sufficient to satisfy two of the critical threshold requirements of the try title statute – possession of the Property and an adverse claim. Further, even if the Petition satisfies the threshold requirements to maintain a try title action, which it does not, there is no basis to compel a try title action because a finding that Petitioners have equity of redemption is all that Petitioners stand to gain from a title action and Wells Fargo as Trustee does not challenge Petitioners' equity of redemption under the Mortgage.

34302005v1 2615

## A.   Petitioners Do Not Allege That They Are In Possession Of The Property As Required To Maintain A Try Title Claim.

Possession of the property at issue is a threshold requirement to prove standing to bring a petition to try title; thus, a petitioner must be in possession of the Property to bring a try title claim. Bevilacqua, supra, 460 Mass. at 767; Proprietors of Indian Wharf, supra, 117 Mass. 504 Here, however, Petitioners only allege that they "own" the Property. **Ex. 1** at ¶ 2. Because a property owner need not possess the property (e.g., an investment property) and because Petitioners do not allege that they are in possession of the Property, Petitioners have failed to state a try title claim. For this reason alone, the Petition should be dismissed, as a matter of law.

## B.   The Petition Fails To Identify An Adverse Claim Or The Possibility Of An Adverse Claim, As Required To Maintain The Instant Try Title Action.

Petitioners' claim that there is a "possibility of an adverse claim" by Wells Fargo as Trustee against their record title to the Property is wholly based on their improper and erroneous conclusion that the recorded Assignment of Mortgage whereby the original mortgagee assigned the Mortgage directly to Wells Fargo as Trustee, is "fatally defective," "void" and a "legal impossibility." Contrary to Petitioners' allegations, the Assignment of Mortgage is valid, as a matter of law. As such, and since a mortgagor and mortgagee have complimentary claims, Petitioners have failed to identify an adverse claim, or even a possibility of an adverse claim, as required to maintain the instant try title action.

### 1.   The recorded Assignment of Mortgage from Sand Canyon Corporation f/k/a Option One to Wells Fargo as Trustee is valid pursuant to G.L. c. 183, § 54B.

Pursuant to G.L. c. 183, § 54B, a person identified to be an authorized signatory of the mortgagee, who executes an assignment of mortgage before a notary public or other authorized officer, effectuates a binding assignment of mortgage *as to the assignor*. See Peterson v. GMAC

11

34302005v1 2615

Mortg., LLC, No. 11-11115-RWZ, 2011 WL 5075613,*4 (D. Mass. Oct. 25, 2011). The statute does not require that an individual prove that he/she has actual authority. Id.; Kiah v. Aurora Loan Servs., LLC, No. 10-40161-FDS, 2011 WL 841282, *7 (D. Mass. March 4, 2011) (even if mortgage assignment signatory lacked authority to assign mortgage, assignment would not be invalidated under Massachusetts law as long as c. 183, § 54B was satisfied). If the requirements of the statute are met, the assignment is valid. Peterson, 2011 WL 5075613, at *4; Carlson v. Wells Fargo Bank, No. 10-41291-MSH, 2011 WL 3420436, *6 (Bankr. D. Mass. Oct. 25, 2011).

The try title statute, G.L. c. 241, §§ 1-5, only applies if "record title" is clouded by an adverse claim or a possibility thereof. In the present case, there is no adverse claim found in the record title to the Property. The Assignment of Mortgage attached as **Ex. 4** was executed by an individual who is identified as a designated officer of the corporation on whose behalf the assignment was made. See **Ex. 6** at pp. 2-3. The Assignment of Mortgage was executed by Carolyn White, an authorized officer of Sand Canyon Corporation, before and acknowledged by, a notary public. See **Ex. 4**. As such, the Assignment of Mortgage is presumptively valid under G.L. c. 183, §54B, there is a clear chain of record title of the Mortgage from Option One to Wells Fargo as Trustee, and Wells Fargo as Trustee has standing to foreclose on the Property. See, e.g., Deutsche Bank Nat'l Trust Co. as Trustee v. Cicchelli, Nos. 10 MISC 423350(AHS) and 10 MISC 436809(AHS), 2011 WL 3805905, *4 (Mass. Land Ct. Aug. 24, 2011) ("Cicchelli") (finding clear chain of record title of mortgage); Bank of New York Mellon Corp. v. Wain, No. 12 MISC 459002 (AHS), 2012 WL 5475849, *6 (Mass. Land Ct. Nov. 9, 2012) (finding clear and simple chain of record title of mortgage and that assignment of mortgage was valid pursuant to G.L. c. 183, § 54B).

12

34302005v1 2615

2.    Petitioners lack standing to challenge the Assignment of Mortgage
      and, in any event, have failed to allege facts sufficient to
      demonstrate that the assignment is invalid.

The Petitioners' allegation of an adverse claim to title is a direct challenge the validity of

the recorded Assignment of Mortgage. See **Ex. 1** generally and specifically at ¶¶ 39, 43, 46-49

(alleging that Assignment of Mortgage is "fatally defective," "void" and a "legal impossibility").

This Court, however, has repeatedly found that a borrower does not have standing to challenge

the assignment of their mortgage where, as here, the borrower is neither a party nor a third-party

beneficiary of the assignment. Ayer v. U.S. Bank, N.A., No. 1:12-cv-10981-NMG, 2012 WL

5361480, *2 (D. Mass. Oct. 30, 2012) (citing Oum v. Wells Fargo, N.A., 842 F. Supp. 2d 407,

412 (D. Mass. 2012) (collecting cases)). In this case, Petitioners are not parties to or third-party

beneficiaries of the recorded assignment of their Mortgage. See **Ex. 1** at ¶¶ 35-36; **Ex. 4**. Thus,

the Petition must be dismissed because Petitioners are unable to challenge the Assignment of

Mortgage whereby the original mortgagee, Sand Canyon Corporation f/k/a Option One assigned

the Mortgage to Wells Fargo as Trustee.

Even if Petitioners are found to have standing to challenge the recorded assignment of

their Mortgage, Petitioners do not identify any legally recognized basis for invalidating the

assignment. Specifically, Petitioners first allege, albeit erroneously, that the Assignment of

Mortgage is invalid because it was made directly to Wells Fargo as Trustee from the original

mortgagee when, Petitioners argue, there should have been a recorded assignment corresponding

to each of the three (3) transfers of the Note as reflected by the applicable Pooling and Servicing

Agreement ("PSA") and related documents (from Option One to Greenwich, then from

Greenwich to FACS and then from FACS to Wells Fargo as Trustee). See **Ex. 1** generally and

specifically at ¶¶ 20-21, 24-34, 39-43. The Massachusetts Supreme Judicial Court ("SJC"),

however, has made clear that this is not necessary and that the original mortgagee may assign the mortgage directly to the trustee under the circumstances of this case. Ibanez, 458 Mass. at 651. As held by the SJC:

> A foreclosing entity may provide a complete chain of assignments linking it to the record holder of the mortgage, *or a single assignment from the record holder of the mortgage*. … The key in either case is that the foreclosing entity must hold the mortgage at the time of the notice and sale in order accurately to identify itself as the present holder in the notice and in order to have the authority to foreclose under the power of sale ….

Id.

Here, Option One was the record holder of the Mortgage before it was assigned to Wells Fargo as Trustee. See Ibanez, 458 Mass. at 645. Therefore, in accordance with Ibanez, the single assignment from Option One, as the originating mortgagee and the record holder of the Mortgage as of June 10, 2010, directly to Wells Fargo as Trustee was proper. In turn, Wells Fargo as Trustee is now the record holder of the Mortgage by virtue of the Assignment of Mortgage, and has been since June 10, 2010. Thus, Wells Fargo as Trustee was the record holder of the Mortgage at the time Petitioners were provided with the October 4, 2012 notice of foreclosure sale. Cf. Ibanez, 458 Mass. at 638, 653-654 (finding that Larace mortgage was not assigned to trustee until *after* publication of notice and sale). As the record holder of the Mortgage by assignment, Wells Fargo as Trustee has authority to exercise the statutory power of sale as a result of Mr. Barbosa's default on his obligation to repay the Note. See, e.g., Culhane v. Aurora Loan Services of Nebraska, 826 F. Supp. 2d 352, (D. Mass. Nov. 28, 2011). The permissible Assignment of Mortgage to Wells Fargo as Trustee has not impacted Petitioners' equity of redemption, and therefore, the Petition to try title should be dismissed.

Petitioners also appear to allege that the recorded Assignment of Mortgage is invalid because it was not executed until June 10, 2010, despite an earlier Closing Date in the PSA. See

34302005v1 2615

**Ex. 1** at ¶¶ 37, 39, 48. This Court has squarely rejected this argument. See, e.g., Butler v. Deutsche Bank Trust Co., No. 12-10337-DPW, 2012 WL 3518560, \*5, 7 (D. Mass. Aug. 14, 2012) (rejecting borrower's argument that assignment was invalid where it was not executed until after date required by PSA, finding that "[e]ven if the assignments were somehow violative of the PSA, giving rise to unfavorable tax, regulatory, contractual, and tort consequences, neither the PSA nor those consequences would render the assignment itself invalid"). See also In re Correia, 452 B.R. 319, 2011 WL 2937841 (1st Cir. 2011) (holding that debtors did not have standing to challenge whether assignment of their respective mortgages complied applicable PSA); Juarez v. U.S. Nat'l Assoc., as Trustee, No. 11-10318-DJC, 2011 WL 5330465, \*4 (D. Mass. Nov. 4, 2011) (Ibanez did not give borrower standing to challenge assignment of mortgage based upon noncompliance with terms of Pooling and Servicing Agreement). In accordance with the well-established law of this Court, Petitioners cannot challenge the assignment of their Mortgage based on an alleged violation of the PSA. Accordingly, the Petition to try title should be dismissed.

To any extent that Petitioners now argue that the recorded Assignment of Mortgage is invalid for any other reason based on the fact that it was not executed until June 10, 2010, such argument is equally fails to invalidate the assignment. First, as addressed above, in accordance with Ibanez, it is proper and sufficient for Wells Fargo as Trustee to have an assignment for Option One as the originating mortgagee and *record holder* of the Mortgage as of June 10, 2010. See **Ex. 6** at pp. 2-3 (examination of records of Bristol Registry of Deeds reveals only one assignment of Mortgage). Second, any delay in executing the assignment does not affect Wells Fargo as Trustee's status as the record holder of the Mortgage because Wells Fargo as Trustee was contractually entitled to obtain an assignment of the Mortgage pursuant to the terms of the

15

PSA, and since Option One was the record holder of the Mortgage as of June 10, 2010. See discussion supra Section (II)(A) Cicchelli, 2011 WL 3805905, *3 n. 4 and *5 (concluding that MERS had fiduciary duty to assign mortgage to trustee who held note at time of assignment since record holder of mortgage holds mortgage in trust for purchaser of note).

Finally, the assignment of the Mortgage in blank referenced in the Petition is a red herring. See **Ex. 1** at ¶¶ 45, 47. Because the assignment in blank was never recorded and is not being relied upon in conjunction with the foreclosure proceedings, such assignment is irrelevant and the recorded Assignment of Mortgage is not merely confirmatory, as Petitioners acknowledge. See **Ex. 1** at fn. 9.

### 3. No adverse claim exists between Petitioners and Wells Fargo as Trustee.

As discussed supra Section IV(A) (1) and (2), the recorded Assignment of Mortgage attached as **Ex. 4**, which is the sole basis of the Petition, is valid. As such, Petitioners have failed to identify an adverse claim or the possibility of an adverse claim based on the assignment, as required to maintain their try title action. Further still, the interests of a mortgagee and mortgagors are not adverse, as a matter of law. Bevilacqua, 460 Mass. at 775; Lincoln v. Emerson, 108 Mass. 87, 91 (1871). This is because Massachusetts is a "title theory" state, meaning that the mortgagee holds legal title to the Property and the mortgagor possesses only equitable title so long as the underlying debt remains unpaid. See Oum v. Wells Fargo, N.A., as Trustee, 842 F. Supp. 2d 407, 412 (D. Mass. 2012). Thus, a mortgage conveys to the mortgagee a present estate in fee simple, defeasible on the performance of a certain condition by the mortgagor. Goodwin v. Richardson, 11 Mass. 469, 475 (1814). "So it is that the mortgagor retains an equity of redemption, and upon payment of the note by the mortgagor, the mortgagee's

16

interest in the property comes to an end." Maglione v. BancBoston Mortg. Corp., 29 Mass. App. Ct. 88, 90 (1990) (internal citation omitted). The Petition, therefore, should be dismissed.

"The mortgagor's equity of redemption is the basic right of the debtor to redeem the mortgage obligation after its due date, and ultimately to insist on foreclosure as the means of terminating the mortgagor's interest in the mortgaged real estate." Bevilacqua, 460 Mass. at 775 (quoting RESTATEMENT (THIRD) OF PROPERTY (Mortgages) c. 3, Introductory note at 97 (1996)). A mortgagor's equity of redemption "inseparably connected with a mortgage" and exists until a foreclosure occurs. Id. "When the right of redemption is foreclosed, the mortgage has done its work and the property is no longer mortgaged land. Instead, the former mortgagee owns the legal and equitable interests in the property and the mortgage no longer exists." Id. (citations omitted). "Following default, therefore, a mortgagee may enter and possess the property, but [the mortgagee's] title remains subject to the mortgagor's equity of redemption. Id. "This state of affairs continues until either the mortgagee brings a proceeding to foreclose on the equity of redemption" *or* the mortgagor redeems the property by paying the debt. Id. The point is, "a mortgage, by its nature, necessarily implies the simultaneous existence of two separate but complementary claims to the property that do not survive the mortgage or each other." Id. In other words, a mortgagor's possession of property under equity of redemption is not adverse to the mortgagee. Lincoln, 108 Mass. at 91. The fact that a mortgagee's and mortgagor's "economic interests may diverge" their claims to title in the Property does not create an adverse claim. Bevilacqua, 460 Mass. at 776.

Here, Petitioners, who are the mortgagors, concede in their Petition that the Mortgage exists (**Ex. 1** at ¶ 7), and it is indisputable that Wells Fargo as Trustee is the record holder of the Mortgage by virtue of the recorded Assignment of Mortgage (see supra Section IV(A) (1) and

17

(2)). Since the Mortgage splits the title to the Property – with Wells Fargo as Trustee now holding legal title to the Property, and Petitioners retaining equitable title, Wells Fargo as Trustee's claim for legal title is not adverse to Petitioners' claim for equitable. Rather, because the Mortgage exists, Petitioners may repay their loan, redeem their legal title and thereafter hold title on their own, or Wells Fargo as Trustee may foreclose under the power of sale provision in the Mortgage, thereby extinguishing Petitioners' equity of redemption. Until either occurs, the Mortgage exists, such that, as a matter of law, Petitioners' title and Wells Fargo as Trustee's title remain separate but complementary claims to the Property. Bevilacqua, 460 Mass. at 775. See, e.g., Lemelson v. U.S. Bank Nat'l Assoc., No. 12-10677-PBS, 2012 WL 4527527 (D. Mass. Sept. 28, 2012) (dismissing borrower's try title action, finding that trustee's claim to legal title is not adverse to borrower's equitable title).[7]

Petitioners, therefore, wrongfully assert that there is a possibility of an adverse claim by Wells Fargo at Trustee clouding title to the Property such that it should be summoned pursuant to M.G.L. c. 240, § 1, to show cause why it should not be required to bring an action to try title. Because Wells Fargo as Trustee does not have an "adverse claim" to title as matter of law, Petitioners have failed to state a claim upon which relief can be granted, necessitating dismissal of the Petition.

---

[7] Wells Fargo as Trustee anticipates that Petitioners may attempt to rely on Jepson v. Deutsche Bank Nat'l Trust Co., to argue that an adverse claim exists because Wells Fargo as Trustee sent a notice of foreclosure sale. See No. 12-11226-WGY, 2012 WL 4341061 (D. Mass. Sept. 20, 2012) (relying on Bevilacqua in stating that claim *may* no longer be complementary and "parties may be adverse" once mortgagee exercises its right to foreclose). Well Fargo as Trustee maintains that the SJC's decision in Bevilacqua does not support the statement in Jepson. Rather, Bevilacqua makes clear that there is no adverse claim between a mortgagor and mortgagee as long as the mortgagor retains his equity of redemption, which exists until there is a foreclosure sale and deed or until the mortgagor repays the debt. See Bevilacqua, 460 Mass. at 775 and 776 n. 9 ("In addition, it is difficult, if not impossible, to imagine what kind of action Rodriguez, [the original mortgagor], might bring to try his title as mortgagor. Presumably, Rodriguez would assert that the purported foreclosure has occurred, and that he thus retains an equity of redemption. Bevilacqua necessarily would agree with these claims, having asserted that he is the mortgage holder, so judgment could enter on the pleadings declaring that Rodriguez enjoys an equity of redemption. Such an action would be nonsensical.").

**C.** **Even If The Petition Satisfied The Threshold Requirements To
Maintain A Try Title Claim, Which It Does Not, There Is No Reason
For Wells Fargo As Trustee To Bring A Try Title Claim Because There
Is No Dispute That Petitioners Currently Have Equity of Redemption
Under The Mortgage.**

For the reasons discussed above, Petitioners have failed to allege sufficient facts to
maintain the instant quiet title action. Even if the Petition satisfied the threshold requirements
for a try title claim, there is still no basis to compel a try title action because Wells Fargo as
Trustee does not challenge Petitioners' equity of redemption under the Mortgage. Thus, an
action to establish Petitioners' equity of redemption, which is not disputed by Wells Fargo as
Trustee, would be "nonsensical." Bevilacqua, 460 Mass. at 776 n. 9.

A petitioner "in a try title action may be heard to claim that a mortgage no longer exists
[or] that claims to the contrary are adverse, and that the putative mortgagee should be required to
bring an action trying the claim." Bevilacqua, 460 Mass. at 776. Here, Petitioners do not and
cannot make such claim since they admit that the Mortgage exists and do not dispute that the
underlying debt remains unpaid. As such, all that Petitioners stand to gain from a try title action
is a finding that they currently retain equity of redemption. Because Wells Fargo as Trustee does
not dispute that that Petitioners have equity of redemption (right to payoff the debt) under the
Mortgage (until they repay the debt or the Property is sold at foreclosure sale), there is no reason
for Wells Fargo to bring an action to try title. See Bevilacqua, 460 Mass. at 776 ("For a plaintiff
to both claim record title as holder of a mortgage and to dispute the respondent's continuing
equitable title or equity of redemption would be oxymoronic, however, because the only
circumstances in which the respondent's rights would not be upheld are circumstances in which
there is no mortgage for the plaintiff to hold."). As such, the Petition should be dismissed for
this reason as well.

34302005v1 2615

## D. Wells Fargo As Trustee Is Entitled To Recover Its Costs.

Pursuant to G.L. c. 240, § 3, "[i]f the persons notified or summoned appear and disclaim all right and title adverse to the petitioner, they shall recover costs." Because Petitioners have failed to identify an adverse claim or the possibility of an adverse claim as required to maintain the instant try title action and because Wells Fargo as Trustee does not dispute that Petitioners retain equity of redemption until such right is extinguished by a foreclosure sale and deed or by Petitioners' repayment of the debt, Wells Fargo as Trustee is entitled to recover its costs in responding to the Petition. Therefore, Wells Fargo as Trustee requests that this Honorable Court enter an Order that Wells Fargo as Trustee is entitled to recover costs pursuant to M.G.L. c. 240, § 3. Upon entry of the requested Order, Wells Fargo as Trustee will submit an affidavit identifying the costs incurred in responding to the Petition.

## V. CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, Respondent Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust Series 2007-OPT-1, respectfully request that this Honorable Court: (a) dismiss the Petition of Antonio J. Barbosa and Joan F. Barbosa in its entirety, with prejudice; and (b) enter an Order that Wells Fargo as Trustee is entitled to recover its costs in responding to the Petition, pursuant to M.G.L. c. 240, § 3.

34302005v1 2615

**Respondent,**
**Wells Fargo Bank, N.A., as Trustee for**
**Soundview Home Loan Trust Series 2007-OPT1,**
By its Attorneys,

*/s/ Valerie N. Doble*
Maura K. McKelvey, BBO #600760
Justin M. Fabella, BBO #654859
Valerie N. Doble, BBO #663883
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: 617-213-7000 / Fax: 617-213-7001
mmckelvey@hinshawlaw.com
jfabella@hinshawlaw.com
vdoble@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Valerie N. Doble, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 10, 2012.

*/s/ Valerie N. Doble*
Valerie N. Doble

34302005v1 2615